IN THE UNITED STATES DISTRICT COURT

FOR THE NORTHERN DISTRICT OF CALIFORNIA

| | |
|---|---|
| PATSY M. DENNISON, an individual,<br><br>    Plaintiff,<br><br>v.<br><br>METROPOLITAN LIFE INSURANCE COMPANY, et al.,<br><br>    Defendants | No. C-07-0796 MMC<br><br>**ORDER GRANTING DEFENDANTS' MOTION TO TRANSFER OR DISMISS; VACATING HEARING** |

    Before the Court is defendants Metropolitan Life Insurance Company ("MetLife"), SPX Long Term Disability Plan (the "Plan"), and SPX Corporation's ("SPX") motion, filed June 25, 2007, to transfer the above-titled action to the District Court for the Western District of North Carolina, pursuant to 28 U.S.C. § 1404(a), or, alternatively, to dismiss certain claims, pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. Plaintiff Patsy M. Dennison has filed opposition, to which defendants have replied. Having considered the papers filed in support of and in opposition to the motion, the Court deems the matter appropriate for decision on the papers, VACATES the hearing scheduled for August 3, 2007, and rules as follows.

    For the reasons stated in defendants' papers, the Court finds the instant action should be transferred to the Western District of North Carolina, pursuant to § 1404(a), for

the convenience of the parties and witnesses and in the interest of justice.[1]  In particular, as defendants have shown, (1) the action could have been brought originally in the Western District of North Carolina because the Plan is administered in that district, see 29 U.S.C.A. § 1132(e)(2) (providing ERISA action may be brought in district where "plan is administered"), (2) plaintiff resides in the Western District of North Carolina, and previously worked for SPX, which has its principal place of business in the Western District of North Carolina, (3) all potentially relevant documentary evidence and witnesses are located in the Western District of North Carolina or, to the extent they may be found in other districts, such other districts are significantly closer to the Western District of North Carolina than to this District,[2] and (4) plaintiff's choice of the instant forum is not entitled to deference, because none of the transactions giving rise to plaintiff's claims occurred in this District. Indeed, in her complaint, plaintiff alleges "[t]his action arises outside the state of California." (See Compl. at 2:8.)

Accordingly, the Court hereby GRANTS the motion to transfer, and the above-titled action is hereby TRANSFERRED to the Western District of North Carolina.

**IT IS SO ORDERED.**

Dated: August 1, 2007

_____
MAXINE M. CHESNEY
United States District Judge

---

[1] In light of this finding, the Court does not reach defendants' alternative motion to dismiss.

[2] In her opposition, plaintiff asserts that some of the relevant documents and witnesses may be located in Kentucky, Georgia, Connecticut, and Michigan.

2